11-3685-cv
Kertesz v. GVC and Korn

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: October 1, 2012    Decided: October 17, 2012)

Docket No. 11-3685-cv

EMERY KERTESZ,

*Plaintiff-Appellant*,

— v. —

JUSTIN KORN,

*Defendant-Appellee,*

GENERAL VIDEO CORPORATION,

*Defendant.*[*]

B e f o r e:

NEWMAN, LYNCH, and LOHIER, *Circuit Judges*.

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Plaintiff-appellant Emery Kertesz appeals the district court's dismissal of his complaint against defendant-appellee Justin Korn. Kertesz, a former shareholder and officer of defendant General Video Corporation ("GVC"), sought indemnification from GVC after successfully defending a suit brought by GVC in Delaware, and also sought to pierce the corporate veil to hold Korn accountable for any resulting judgment. The district court (George B. Daniels, *J.*) entered a stipulated judgment against GVC, but dismissed the complaint against Korn. Because the district court erroneously held that Kertesz could not pursue both indemnification and an alter-ego veil-piercing theory, we vacate the order of dismissal and remand for further proceedings.

VACATED and REMANDED.

---

DAVID VALICENTI, Cohen Kinne Valicenti & Cook LLP, Pittsfield, Massachusetts (Daniel R. Solin, Bonita Springs, Florida, *on the brief*), *for plaintiff-appellant*.

ROGER J. BERNSTEIN, New York, New York (Norman M. Monhait, Rosenthal, Monhait & Goddess, P.A., Wilmington, Delaware, and Eugene A. Gaer, New York, New York, *on the brief*), *for defendants-appellees*.

---

PER CURIAM:

Plaintiff-appellant Emery Kertesz brought suit in the United States District Court for the Southern District of New York (George B. Daniels, *District Judge*) against

2

defendant General Video Corporation ("GVC") and defendant-appellee Justin Korn.

GVC is a now-defunct Delaware corporation in which Kertesz and Korn once owned

31.6% and 68.4% shares, respectively. In the district court, Kertesz sought

indemnification from GVC for legal fees under Section 145 of the Delaware General

Corporation Law after he successfully defended a prior Delaware Court of Chancery

action brought by GVC against him in his capacity as corporate officer. Gen. Video

Corp. v. Kertesz, CIV.A. 1922-VCL, 2008 WL 5247120 (Del. Ch. Dec. 17, 2008).

Kertesz also argued to the district court that Korn was liable for GVC's payments on an

alter-ego veil-piercing theory. After the district court dismissed Kertesz's alter-ego claim

against Korn and also denied Kertesz's motion for leave to amend his complaint, see

Kertesz v. Gen. Video Corp., No. 09 CV 01648, 2010 WL 5422524 (S.D.N.Y. Dec. 23,

2010), the parties stipulated to entry of judgment against GVC. Kertesz now appeals the

district court's dismissal and denial of leave to amend.[1]

The district court dismissed Kertesz's alter-ego claim against Korn because,

according to the court,

---

[1] The district court never entered a judgment reflecting the dismissal of the claim against Korn. Because Korn has affirmatively waived any objection to the requirement that a separate judgment be entered, see Fed. R. Civ. P. 58(a), we have jurisdiction over the appeal, see Bankers Trust Co. v. Mallis, 435 U.S. 381, 387-88 (1978). However, as neither Kertesz nor GVC has appealed the entry of judgment against GVC, to which both parties stipulated, GVC is not a party to this appeal.

> [Kertesz] cannot maintain that he is entitled to corporate indemnification and at the same time seek to challenge the very existence of the corporate structure that he claims legally entitles him to officer/director indemnification. He cannot seek statutory corporate indemnification as a corporate insider and at the same time disregard the corporate form in an attempt to obtain personal liability.

On the district court's theory, indemnification and veil-piercing actions are inherently incompatible.

The district court's ruling was legal error. An action to pierce the corporate veil does not deny a corporation's legal existence, as the district court suggested. Rather, such an action charges that the corporation's owners used the corporation as "a mere instrumentality or alter ego" and disregarded corporate formalities. Geyer v. Ingersoll Publ'ns Co., 621 A.2d 784, 793 (Del. Ch. 1992). Where a corporation's owners abuse the corporation's legally limited liability to effect injustice, the corporation may be "considered as an agency, adjunct or instrumentality of" its owner, Martin v. D. B. Martin Co., 88 A. 612, 615 (Del. Ch. 1913), and a court may exercise its equitable power to disregard the legal privilege of the corporate form to reach the owner's assets. See NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 176-77 (2d Cir. 2008) (describing Delaware law). The alter-ego claim thus turns on the facts of the owner's operation of the corporation and its relationship to the alleged victim. But if successful, the claim does not affect the corporation's legal structure or existence as against all persons, just as a judgment that an employer is liable for some specific acts of its

4

employee under a *respondeat superior* theory does not render the employer generally liable for all the employee's debts.  It is therefore not inconsistent for a party both to seek indemnification from a corporation as its officer and also to seek recovery from the personal assets of a corporate owner who abused the corporation's legal form for his own gain.  Nor would it be inconsistent for a court to hold both that a corporation was liable to indemnify an officer and that the corporation's owner was liable for the corporation's payment.  To the contrary: it would be perverse to hold that an abuse of the corporate form sufficient to defeat the corporate *privilege* of limited liability exempts the corporation from the *obligation* of a corporation to its officers.

Of course, an officer who seeks indemnification under Section 145 of the Delaware General Corporation Law may face *factual* obstacles on the road to an alter-ego claim.  In contrast to an innocent outsider, a corporate officer is more likely to have inside knowledge of the corporation's activities.  It may be more difficult for a majority shareholder to deceive a fellow insider, which in turn may make it more difficult for an insider to prove the overall injustice or unfairness necessary to pursue an alter-ego claim. See, e.g., Harper v. Delaware Valley Broadcasters, Inc., 743 F. Supp. 1076, 1085-86 (D. Del. 1990) (relying in part on plaintiff's inside knowledge to reject unfairness element of alter-ego claim under Delaware law), aff'd, 932 F.2d 959 (3d Cir. 1991).  But each case will turn on its specific facts.  Particularly in the context of small, closely held corporations, a corporate insider may stand to lose more than an outside creditor from a

5

majority shareholder's fraudulent abuse of the corporation's limited liability.  Cf.

Donahue v. Rodd Electrotype Co., 328 N.E.2d 505, 514-16 (Mass. 1975) (recognizing

special dangers and creating protections under Massachusetts common law for minority

shareholders in closely held corporation); but see Nixon v. Blackwell, 626 A.2d 1366,

1379-81 (Del. 1993) (declining to judicially create parallel rule under Delaware common

law).

Despite the district court's error, the long history of litigation among Kertesz,

Korn, and various corporate entities associated with either or both of them may permit

disposing of this case on other grounds.  "To prevail under the alter-ego theory of

piercing the veil, a plaintiff need not prove that there was actual fraud but must show a

mingling of the operations of the entity and its owner plus an 'overall element of injustice

or unfairness.'"  NetJets, 537 F.3d at 176, quoting Harco Nat. Ins. Co. v. Green Farms,

Inc., 15 Del. J. Corp. L. 1030, 1039 (Del. Ch. 1989).  Kertesz's complaint alleges two

separate bases for establishing injustice or unfairness:  (1) Korn's transfer of assets from

GVC into corporations he solely owned; and (2) Korn's revival of GVC, which had no

assets or continuing business, to pursue baseless, bad-faith litigation against Kertesz.

Korn argues that rulings in two previous lawsuits preclude Kertesz's arguments on both

of these factual bases.  According to Korn, the asset transfer and fraud allegations are

barred by a dismissal for lack of personal jurisdiction of a suit brought by Kertesz against

Korn in the United States District Court for the Western District of Texas (Walter S.

6

Smith, Jr., *Chief Judge*). See <u>Kertesz v. Korn</u>, No. W-05-CA-369 (W.D. Tex. Nov. 21, 2006), <u>aff'd</u>, 229 F. App'x 301, 2007 WL 1541210 (5th Cir. 2007). Korn further argues that in the action that forms the basis of Kertesz's indemnification claim, the Delaware Court of Chancery denied Kertesz's motion for legal fees because it found that Kertesz had not demonstrated bad faith by "clear evidence." See <u>Gen. Video Corp. v. Kertesz</u>, CIV.A. 1922-VCL, 2009 WL 106509, at *1 (Del. Ch. Jan. 13, 2009), quoting <u>Arbitrium (Cayman Islands) Handels AG v. Johnston</u>, 705 A.2d 225, 232 (Del. Ch. 1997). Korn also raises several alternative arguments for affirmance.

We decline to address these arguments, which present a variety of factual and legal issues that have not been considered by the district court. Indeed, we make no assessment of whether Korn can establish any of the elements of alter ego liability. We therefore VACATE the district court's order dismissing the complaint as to Korn and REMAND the case to the district court for further proceedings consistent with this opinion.