17-1301
*Cohen v. Schroeder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

Present:
> DEBRA ANN LIVINGSTON,
> GUIDO CALABRESI,
>     *Circuit Judges*,
> EDGARDO RAMOS,
>     *District Judge*.*

_____

BRIAN S. COHEN,

      *Plaintiff-Appellant*,

    v.                                    17-1301

THEODORE F. SCHROEDER,

      *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | BRIAN J. FISCHER (Andrew H. Bart, Alison I. Stein & Gretchen O. Stertz, *on the brief*), Jenner & Block LLP, New York, NY. |
| For Defendant-Appellee: | SIDNEY S. LIEBESMAN (David Dormont, Charles Palella, Michael C. Witsch, and Jonathan Landua, *on* |

---

* Judge Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

1

*the brief*), Montgomery McCracken Walker & Rhoads LLP, New York, NY and Wilmington, DE.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Brian S. Cohen ("Cohen") appeals from a March 31, 2017 judgment of the United States District Court for the Southern District of New York, dismissing his suit on the defendant's motion for summary judgment under Federal Rule of Civil Procedure 56. Cohen filed this suit to pierce the corporate veil of Skoop Media Associates, Inc. ("Skoop"), an entity that Cohen claims is the alter-ego of the defendant, Theodore F. Schroeder ("Schroeder"). Cohen seeks to hold Schroeder personally liable for a June 4, 2015 judgment by the Delaware Court of Chancery, which, *inter alia*, ordered Skoop to indemnify Cohen for litigation expenses. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### A.  Standard of Review

"We review *de novo* a district court's grant of summary judgment after construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). "Summary judgment is appropriate only when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). A court may grant a motion for summary judgment if, "even after drawing all inferences in the light most favorable to [the

2

plaintiff], no reasonable jury could have issued a verdict in his favor." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005).

## B.   Piercing the Corporate Veil

Because Skoop was incorporated in Delaware, Delaware law applies in this case under New York choice of law principles. *See Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995). In certain circumstances, Delaware law allows a court to disregard the distinction between a corporation and its owner and "require [the] owner to answer for the entity's debts." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 176 (2d Cir. 2008). A court may do so when the corporation is nothing more than the owner's "alter-ego." *See id.* To prevail under this "alter-ego" theory, the plaintiff must demonstrate that the corporation and the owner "operated as a single economic entity such that it would be inequitable . . . to uphold a legal distinction between them." *Id.* at 177 (quoting *Harper v. Del. Valley Broads., Inc.*, 743 F. Supp. 1076, 1085 (D. Del. 1990)). This is a "difficult task." *Id.* at 176 (quoting *Harco Nat. Ins. Co. v. Green Farms, Inc.*, No. CIV. A. 1331, 1989 WL 110537, at *4 (Del. Ch. Sept. 19, 1989)). The plaintiff must show *both* that (1) the owner and his corporation "operated as a single economic entity," and that (2) the owner's actions contained "an overall element of injustice or unfairness." *Id.* at 177. Thus, "mere ownership or direction of a corporate entity, without more, is not sufficient to establish that the corporate form should be disregarded." *Marnavi S.P.A. v. Keehan*, 900 F. Supp. 2d 377, 391 (D. Del. 2012) (quoting *CNH Am. LLC v. Kinzenbaw*, No. C.A. 08-945 (GMS), 2009 WL 3737653, at *1 (D. Del. Nov. 9, 2009)). "[T]he plaintiff must [also] show some fraud, injustice, or inequity in the use of the corporate form." *Id.* (quoting *Kinzenbaw*, 2009 WL 3737653, at *1).

We affirm the district court's judgment on the grounds that, even assuming *arguendo* that Cohen has raised a genuine dispute of material fact as to whether Schroeder and Skoop "operated

3

as a single economic entity," he has failed to raise a genuine dispute of material fact as to whether Schroeder used the corporate form to commit an "injustice or unfairness." *See NetJets*, 537 F.3d at 176; *see also Pauley Petroleum Inc. v. Cont'l Oil Co.*, 239 A.2d 629, 633 (Del. 1968) (explaining that a corporate veil may be pierced "only in the interest of justice, when such matters as fraud, contravention of law or contract, public wrong, or where equitable consideration among members of the corporation require it, are involved"). Cohen argues that Schroeder committed an "injustice or unfairness" in two ways, but even after construing the evidence in the light most favorable to Cohen we believe no reasonable jury would agree with him. First, Cohen claims that Schroeder "knowingly restored [Skoop]'s corporate status for personal purposes"—*i.e.*, pursuing litigation against Cohen—"with no intention of treating it like an actual corporation." Br. for Pl.-Appellant at 53. Even assuming *arguendo* that this fact is true, however, it is unclear why Schroeder's actions therefore caused Cohen to suffer an "injustice." *See, e.g.*, 18 C.J.S. Corporations § 18 ("The injustice that allows a corporate veil to be pierced is not a general notion of injustice, but rather, it is the injustice that results only when corporate separateness is illusory."). Cohen notes that he has incurred litigation expenses because of Schroeder's suit, but it is important to remember that Schroeder had initially filed suit in his *personal* capacity. It was only after *Cohen* suggested that the intellectual property at issue belonged to Skoop—and not Schroeder personally—that Schroeder paid Skoop's outstanding taxes, revived its charter, and added Skoop as a plaintiff. The evidence would therefore strongly suggest that Schroeder revived Skoop not to commit "fraud, injustice, or inequity," but rather to redress Cohen's alleged misappropriation of intellectual property. *See Keehan*, 900 F. Supp. 2d at 391 (quoting *Kinzenbaw*, 2009 WL 3737653, at *1). That is, there is no evidence that Schroeder used the corporate form "deliberately, with specific intent to escape liability"—and, as a result, "the cause of justice [would] not require disregarding the

4

corporate entity" here. *See Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 269 (D. Del. 1989) (quoting *Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir. 1967)).

Second, Cohen alleges that Schroeder underfunded Skoop after reviving it, such that it is now unable to meet its obligation to indemnify him and advance his litigation expenses under Section 145 of the Delaware General Corporation Law and Article 7 of Skoop's Certificate of Incorporation. But there is no genuine dispute that Cohen knew very well (or, at least, had reason to know very well) that Skoop was underfunded over the course of the suit. In his complaint to the Delaware Court of Chancery, Cohen stated that Skoop "has engaged in no business activity whatsoever for at least six years," and that "upon information and belief, [Skoop] has no assets to pay a judgment." Joint App'x at 151, ¶¶ 61, 63. In fact, Cohen told the court that he "fully intend[ed] to enforce expeditiously[] any judgment entered against [Skoop] against Mr. Schroeder personally, on the basis that [Skoop] is, in fact, a mere instrumentality and alter ego of Mr. Schroeder." *Id.* at 151, ¶ 64. There is no evidence, then—and Cohen does not allege—that he took any action in this litigation in good faith reliance on *Skoop*'s ability to indemnify him later. *See Mobil Oil Corp.*, 718 F. Supp. at 269 n. 11 ("[C]ases where the corporate veil is pierced invariably involve some degree of *reliance* by plaintiff, contributing to the fraud or accenting the injustice." (emphasis in original)); *see also* 18 C.J.S. Corporations § 18 ("Piercing the corporate veil is an *equitable* remedy, available . . . where maintaining the corporate form would work injustice upon an *innocent* party." (emphasis added)). Cohen correctly notes that it is possible even for a "corporate insider" to be the victim of an injustice due to "a majority shareholder's fraudulent abuse of the corporation's limited liability." Br. for Pl.-Appellant at 57 (quoting *Kertesz v. Korn*, 698 F.3d 89, 91 (2d Cir. 2012)). But as we made clear in *Kertesz*, when a corporate officer "ha[s] inside knowledge of the corporation's activities," it is far "more difficult for a majority shareholder

5

to deceive" him in a fraudulent or unjust manner. *Kertesz*, 698 F.3d at 91. Cohen may not have had "inside knowledge" of Skoop's activities from 2013 and onward, but the evidence strongly suggests that he had enough information so as not to be surprised by Skoop's inability to satisfy the Delaware Court of Chancery's judgment. Cohen, in other words, does not allege that he was "deceive[d]" in any way. *See id.* We therefore conclude that no reasonable jury would find that Schroeder's actions caused Cohen to suffer an "injustice or unfairness," *see NetJets*, 537 F.3d at 176, and the district court thus correctly granted Schroeder's motion for summary judgment.

\*     \*     \*

We have considered Cohen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6